## WELLMAN and others *v.* HOWLAND COAL & IRON WORKS.

*(Circuit Court, D. Kentucky.    January 2, 1884.)*

1. PETITION FOR REMOVAL.—JURISDICTION.
    After the filing of a petition for the removal of a cause to a federal court, and the tender of a valid bond, if the petition and record show good ground for removal, the jurisdiction of the state court is superseded, and an amendment of the pleadings subsequently allowed in the state court is invalid.

2. SAME — SEPARATE CONTROVERSY — NECESSARY PARTIES — DEFUNCT CORPORATION.
    A corporation which has sold all its property and franchises, except the mere right to exist, and which has no officers or place of business, is not a necessary party in a suit against a stockholder to make him liable for his unpaid subscription, notwithstanding the fact that the corporation has still the power to reorganize and collect the stockholders' dues.

In Equity.

*W. W. Thum* and *George Du Relle*, for complainants.

*Otto A. Wehle*, for defendant.

BARR, J.    The motion of complainant to remand to the state court must be determined by the relation which the Howland Coal & Iron Works bears to this litigation. The suit is to make defendant Small liable for his unpaid subscription to that company's stock to the extent, at least, of complainant's debt. The allegation of complainant in his original petition is that "the Howland Coal & Iron Works is now, and has been for several years, insolvent, its entire property and franchises having been sold out several years ago, and said corporation has long since ceased to do business, and has no officers or agents or office in this state, and has had none for three years or more last past." After the filing of the petition for removal in the state court and the tender of the bond, the complainant, by leave of state court, amended his petition, and alleged "that the defendant, the Howland Coal & Iron Works, is a resident of this state, and has a corps of or-

ganic officers maintaining and keeping up the corporate existence of the said defendant, but that none of the officers or agents of said defendant reside in this state, and residences of each and all its officers and agents are unknown to those plaintiffs. The plaintiffs desire to further amend their said petition, and say that by the charge that said defendant had ceased to do business they meant to say, and now so charge the fact to be, that said defendant Howland Coal & Iron Works has ceased to do business in the way of operating its mines, and transporting and selling the coal taken therefrom in the markets, which mining and selling coal was the chief business of said corporation."

This amendment should not have been allowed to be filed by the state court, as it came too late. The petition for removal had then been filed and the bond tendered, and thereby the state court had ceased to have jurisdiction over the cause, if the petition, with the record as it then existed, made a good ground for removal. *Railroad Co.* v. *Mississippi,* 102 U. S. 141. The allegations of the pleadings and the exhibits then and now in the record show that all of the visible property of this corporation had been sold, also its franchises, except the right to exist as a corporation. The corporation still had a legal existence, but not an actual one. It had no organization, no officers, or agents, but the stockholders still have the right to reorganize and elect officers. If this were done the corporation could sue and be sued, and it could collect the unpaid stock subscription and apply it to the payment of the debts of the company.

The complainant did not bring this suit against the corporation, but against Small, the stockholder. In its present condition no personal judgment could be rendered against the company, and it is exceedingly doubtful whether the company will be bound by the judgment should one be rendered against Small. It is true that complainant, after he had sued Small, who was a non-resident, and seized his property by process of attachment, attempted to bring the corporation before the court by a constructive summons; but if the corporation has no organization, officers, or agents anywhere, how can this corporation be even constructively summoned? While, therefore, this corporation is not defunct, it has no living, active existence, although in law it may survive sufficiently to have the power of reorganization for some purposes. Its present *status* makes the reasons which apply to a defunct corporation apply to this one. The Howland Coal & Iron Works is only a nominal party, if a party at all.

The motion to remand to the state court is overruled.